GARY M. RESTAINO
United States Attorney
District of Arizona
KATHERINE V. FOSS
Assistant U.S. Attorney
Arizona State Bar No. 029124
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
Email: katherine.foss@usdoj.gov
*Attorneys for United States of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Letter of Request from the Shevchenkivskyi District Court of Kyiv, Ukraine;<br><br>Khrimli Oleksandr Hennadiiovych v. Oleksiy Presnakov, et al., Ref No. 761/20891/21 | Case No. MC-22-<br><br>**EX PARTE PETITION FOR ORDER UNDER 28 U.S.C. 1728** |

The United States of America, by its undersigned counsel, petitions this Court for an Order pursuant to 28 U.S.C. § 1782(a) appointing Katherine V. Foss, Assistant United States Attorney, as commissioner to subpoena documents and records, and to take such other action as is necessary to execute the attached request from the Shevchenkivskyi District Court of Kyiv, Ukraine regarding a civil judicial proceeding captioned: Khrimli Oleksandr Hennadiiovych v. Oleksiy Presnakov, et al., Ref No. 761/20891/21. The Letter Rogatory is attached hereto as Exhibit 1. The Ukrainian court is seeking evidence in the form of documentation from GoDaddy Inc., 14455 North Hayden Road, Suite 226, located in Scottsdale, Arizona 85260, which is located within the jurisdiction of this Court. Specifically, the Court requests documents that identify customer information for the registrant of a specified domain name. This request is authorized by the Convention on

Taking Evidence Abroad, 23 UST 2555, TIAS 7444.

**I.     Authority to Grant a Foreign Request for Assistance.**

Title 28, United States Code, § 1782(a), provides in pertinent part that:

> [t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal, or upon the application of any interested person . . . .

28 U.S.C. § 1782(a). This statute was enacted "to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . . ." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), *reprinted in* 1964 U.S. Code Cong. & Admin. News 3782. This statute "is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

**II.    The Statutory Requirements.**

A District Court has the authority to issue orders in support of a request for judicial assistance if the following statutory factors are met: (1) the request must be made "by a foreign or international tribunal" or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. 28 U.S.C. § 1782(a); *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007).

**III.   Discretionary Considerations.**

Once the statutory elements are met, a district court is authorized to grant the request for assistance, but is not required to do so. *Intel Corp.,* 542 U.S. at 264. The Supreme Court has suggested four factors to be considered by the District Court in exercising its

discretion to grant the request for assistance: (1) whether the information is sought from a participant in the foreign litigation and readily available to the foreign tribunal, or whether the information is sought from a non-participant beyond the reach of the foreign tribunal absent the judicial assistance requested; (2) the nature and character of the foreign tribunal and proceedings, and the receptivity of that foreign tribunal to assistance from U.S. courts; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether, in the event the request is unduly burdensome, it should be trimmed or denied. *Intel Corp.*, 542 U.S. at 264-65; *In re Clerici*, 481 F.3d at 1334.

### IV.     Authority to Appoint a Commissioner.

Section 1782 further provides that a District Court:

> may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). Where a foreign request for judicial assistance is made through the United States Department of Justice, a petition is typically presented by an Assistant United States Attorney who also requests to be appointed as the Commissioner to conduct the necessary discovery in aid of the request for assistance. *See, e.g., In re Clerici*, 481 F.3d at 1329; *Young v. United States Dep't of Justice*, 882 F.2d 633, 635 (2nd Cir. 1989).

### V.     Authority to Establish the Evidence-Collecting Procedure.

A District Court empowers a Commissioner to collect evidence using a procedure prescribed by the Court.  A District Court has "complete discretion in prescribing the procedure to be followed." *In re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 693 (D.C. Cir. 1989), citing 1964 U.S.C.C.A.N. at 3789. When a District Court's order fails to specify a procedure by which a Commissioner

is to collect the evidence, the Federal Rules of Civil Procedure apply. *In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1019 (9th Cir. 1994); *In re Letter of Request from the Supreme Court of Hong Kong*, 138 F.R.D. 27, 31 (S.D.N.Y. 1991). However, as § 1782 makes clear, when a District Court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a).

**VI.   Ex Parte Application.**

"Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte." *In re Letters Rogatory From Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976); *see, e.g., In Re the Republic of Ecuador*, 2010WL3702427, * 2 (N.D. Cal. 2010). Persons with objections to the requests will likely have notice thereof and may raise such objections by appropriate motions in response to any subpoena served by the commissioner. *Id*.

**VII.   This Request.**

All of the requirements set forth in 28 U.S.C. § 1782 are met in this case. First, the request was made by an international tribunal, the Shevchenkivskyi District Court of Kyiv, Ukraine. Second, there is a proceeding pending in that court, and the information being sought is for the use as evidence in that proceeding by that court. Finally, it has been determined that GoDaddy, Inc. in Scottsdale, Arizona is located within the jurisdiction of this Court. Based upon the facts set forth herein, this request is of the type that Congress contemplated when it enacted § 1782 and expanded the authority of District Courts to assist foreign tribunals. *See, e.g., Lopes v. Lopes*, 2006WL1308542 (11th Cir. 2006) (granting request for discovery of financial assets for foreign divorce proceeding).

The request also satisfies the Supreme Court's discretionary considerations. First, the information is sought from a non-participant beyond the reach of the foreign tribunal absent the judicial assistance requested. Second, the foreign tribunal and proceeding is a civil lawsuit, and the foreign tribunal, having made the request, is receptive to assistance from U.S. courts. Third, there is no information to suggest that the request conceals an

attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Fourth, the request is not unduly burdensome *Intel Corp.,* 542 U.S. at 264-65.

WHEREFORE, on behalf of the requesting foreign authority and pursuant to 28 U.S.C. § 1782, undersigned counsel petitions the Court to appoint the undersigned as Commissioner in this matter with the authority to issue appropriate subpoenas for documents and information relevant to the foreign request for assistance. A proposed order granting this requested relief is submitted with this petition.

RESPECTFULLY SUBMITTED this 9th day of March, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Katherine V. Foss*
KATHERINE V. FOSS
Assistant U.S. Attorney